(No. 3959-3960 Consolidated—■■■■■■■■■■■■■)

JOSEPH POMPROWITZ, DOING BUSINESS AS L. C. L. TRANSIT COMPANY, AND INSURANCE COMPANY OF NORTH AMERICA, Claimants, *vs.* STATE OF ILLINOIS, Respondent.

AND

HARTFORD FIRE INSURANCE COMPANY, A CORPORATION, Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed April 24, 1947.*

MYERS and SNERLEY, for claimant.

GEORGE F. BARRETT, Attorney General and WM. L. MORGAN, Assistant Attorney General, for respondent.

ECKERT, C. J.

On August 21, 1946, in the afternoon, employees of the respondent excavated a hole in the paved highway known as Skokie Road, (U.S. Highway 41), at a point about 600 feet south of the Lake-Cook County line. The hole was made in the outside, southbound lane of the four lane highway, running north and south, at the extreme westerly side of the pavement. The hole was ten feet by ten feet, and approximately fifteen inches deep.

Early the following morning, between 4:30 and 5:30, while it was still dark, an employee of Joseph Pomprowitz, driving a tractor and trailer from Waukegan to Chicago, driving south on U. S. Highway 41, struck this hole. The right front wheel of the truck went into the hole; the tractor and trailer followed through, blowing out five tires on the right side, and overturned.

The claimants allege that the respondent failed in its obligation to maintain the highway in a reasonably proper and safe condition, and while making repairs, failed to exercise reasonable care and caution in keeping the highway safe for travel. Claimants allege that the respondent was negligent in failing to fill in the excavation, or in failing to maintain adequate and proper warning to the public of the existence of the excavation, or in failing to keep and maintain proper barricades around the excavation, or in failing to keep and maintain lighted flares around the excavation at night and during the early morning hours.

The claimant, Joseph Pomprowitz, claims damages to his tractor in the sum of $1,463.35, claims damages to his trailer in the amount of $938.34, and claims damages in the amount of $350.00 for the loss of use of the tractor and trailer while being repaired. At the time of the accident, he was insured by the claimant, Insurance Company of North America, against loss or damage to the tractor by collision in excess of $250.00 deductible, and against loss or damage to the trailer by collsion in excess of $250.00 deductible. The claimant, Insurance Company of North America, on September 10, 1945 paid to the claimant, Joseph Pomprowitz, d/b/a L.C.L. Transit Company, the amount of its liability on account of such insurance in the amount of $1,901.69, and thereupon became subrogated to that extent to the rights and cause of action of

the claimant, Joseph Pomprowitz, d/b/a L.C.L. Transit Company, against the respondent.

The claimant, Hartford Fire Insurance Company, alleges that at the time of the accident the refrigerator trailer was transporting goods and merchandise of the Kraft Foods Company, consisting of 11,880 pounds of Philadelphia Cream Cheese Curd of the value of $2,-959.12; that as a result of the negligence of the respondent, 3,093 pounds of this cheese curd, of the value of $770.16 was totally destroyed; that the Kraft Foods Company was forced to expend $121.32 in salvaging and reprocessing the balance of the cheese curd; and that the Kraft Foods Company suffered a total loss of $891.48 which the Hartford Fire Insurance Company has paid under an insurance policy issued by it to the Kraft Foods Company, insuring the company against loss or damage to the cheese curd while being transported. The Hartford Fire Insurance Company is therefore subrogated to the rights and cause of action of the Kraft Foods Company against the respondent.

Claimant, Joseph Pomprowitz, d/b/a L.C.L. Transit Company, seeks an award for damages in the total sum of $850.00 as follows:

$250.00 damage to tractor for which he was not insured;
$250.00 damage to trailer for which he was not insured;
$350.00 damage for loss of use of tractor and trailer while being repaired.

Claimant, Insurance Company of North America, seeks an award for damages in the amount of $1,901.69, being the total loss and damage sustained to the tractor and trailer for which the claimant was liable under its policy of insurance.

Claimant, Hartford Fire Insurance Company seeks an award for damages in the amount of $891.48, being

the total loss and damage sustained to the cheese cargo for which claimant was liable under its policy of insurance.

Keith Walker Flynn, a witness for claimants, stated that on August 21 and 22, 1945, he was employed by Joseph Pamprowitz, d/b/a L.C.L. Transit Company, as a transport driver; that on the early morning of August 22, he was driving a tractor and trailer, belonging to Pomprowitz, south on Skokie Highway, U. S. Route No. 41, toward Chicago; that he was hauling a cargo of cream cheese curd from Beaver Dam, Wisconsin, the shipment being consigned by the Kraft Foods Company from Beaver Dam, Wisconsin, to the Kraft Foods Company in Chicago. The witness further testified that about 600 feet south of the Cook County line, while driving in the extreme right or extreme west lane of the four lane highway, while it was still dark, between 4:30 and 5:30 in the morning, he noticed a black spot in the highway about thirty-five or forty feet ahead of him. He testified that his lights were burning and his brakes were in good order; that when he was within five to ten feet of the black spot, he saw that it was a hole; that he swerved to the left, but that he was unable to cut the truck short enough to miss it, and caught the right front wheel in the hole. The tractor and trailer followed through, blowing out five tires on the right side, and overturned. The witness stated that there was no barricade in front of the hole, and that there were no flares or lights of any kind around the hole.

The witness further testified that immediately after the accident he went back to the hole and found two flare pots on the grass at the side of the road, unlighted, filled with oil, and cold. He also found a piece of a barricade on the grass, five or six feet from the hole, at the side of the highway.

Edward W. Stapp, a witness testifying for claimant, stated that he was a soldier in the U. S. Army on August 22, 1945; that in his spare time he drove a cab for the Yellow Cab Company of Glencoe, Illinois that on the early morning of August 22, 1945, between four and five o'clock, while he was standing outside of the tavern, Skokie Gardens, on U. S. Route 41, he saw a truck pass the tavern, heard a noise, and saw the truck overturned. He testified that about one-half hour before he had driven south on U. S. Route 41 in his cab, and barely missed hitting the hole in the pavement; that at that time there was no barricade, nor light near this hole; that there were some barricades off the road to the right, but there were no barricades in front of the hole, and no flare pots.

Frank Glazic, a witness for the claimant, stated that on August 22, 1945 he was employed as driver for the Chair City Motor Express, driving one of its trucks from Wisconsin to Chicago; that about two o'clock in the morning of August 22nd he was driving on the outside lane of U. S. Highway 41 going south; that he saw the hole in the pavement when he was about ten or fifteen feet from it; that before he saw the hole he noticed a piece of broken barricade lying on the highway; that to avoid the barricade, he swung to the inner lane, and barely missed the hole. He testified that if it had not been for the piece of broken barricade he would not have swung to the inner lane; and that there were no flare pots and no barricade on the highway in front of the hole.

John L. Thomas, a witness testifying on behalf of the respondent, stated that he is a field engineer employed by the Division of Highways; that on August 21st, 1945, after the hole in U. S. Highway 41 had been cut, about 4:30 o'clock in the afternoon, the helper on the highway patrol filled all the flare pots and put up the barricades,

ready for inspection, which took place between 5:00 and 5:30 in the evening. He testified that before he left the highway, the flare pots were lighted, and the barricades were in place, one barricade and three lights; that the flare pots burned kerosene; that there was no wind or rain that night; and that the hole which the truck hit was the farthest north of a series of excavations, the next excavation being between 500 and 600 feet south of the excavation in question. He testified that the flare pots burn a minimum of thirty hours.

Herbert Richardson, testifying on behalf of respondent, stated that at the time of the accident he was employed by the Division of Highways as a helper on a truck; that on August 21, 1945, about 4:30 in the afternoon, he filled three flare pots with kerosene, lighted them, and placed them, with a barricade, before the hole; that after lighting the pots, he went away and did not return, but that the flare pots were all lighted the next morning except the flares at the place of the accident. He also testified that the flare pots hold about a gallon of kerosene.

There can be no question that the respondent in the construction, maintenance, and repair of its highways has a duty to exercise reasonable care and caution to prevent injury to or destruction of life and property. Where the respondent, in the course of road repairs, leaves a deep excavation in the highway it is incumbent upon it to take reasonable measures to guard against injury to the public. Minimum safe-guards would be adequate barriers and suitable lights, warning of the hazardous and dangerous situation.

Here there was neither barricade nor light at the hole in the pavement when the Pomprowitz truck approached. There had been neither barrier nor light for nearly three hours before this accident. Although the

respondent's employee testified that he filled the flares, and lighted them, the evidence is undisputed that they were full of kerosene when examined after the accident, and were lying in the grass, cold, some distance off the highway. If the respondent's employee filled the flares, and if they were still full of kerosene at the time of the accident, they either had not been lighted at all, or had been lighted and almost immediately went out. It is exceedingly improbable that another motor vehicle broke the barrier and put out the flares prior to darkness. At that time of year it is not dark until 8:30 in the evening. If flares had been lighted, they would have burned at least four hours before darkness. Since they hold a gallon of oil, and burn thirty hours, they would have consumed almost a pint of kerosene.

It also seems quite improbable, if the barricade and flares had been properly placed on the pavement in front of the hole, that both of the flares would have been knocked off the pavement by another motor vehicle and set up nicely in the grass a considerable distance from the edge of the pavement. At least one of them, after such an accident, would have been found on the pavement, or in the large hole.

The highway in question is one of the heaviest travelled highways in the State of Illinois, both day and night, a fact well known to the respondent. After having made an extremely hazardous and dangerous excavation, the respondent put up a single barrier. It may or may not have lighted flares. No further attention was given to either barrier or flares after 5:30 in the afternoon. Neither was in place at 2 o'clock the following morning.

The Court is of the opinion that the respondent was negligent in the performance of its duty to the traveling public by failing to maintain, during the night of August

21st and the morning of August 22, 1945, proper warning of the existence of this dangerous excavation. Respondent cannot meet its obligation to motorists traveling on a busy, four lane highway, in these days of almost continuous commercial and personal motor travel, by putting up a single barrier, lighting two or three flares in late afternoon, and returning the following morning with a hope and a prayer that all is well.

The record clearly shows that the respondent failed to perform its duty as imposed by law; and that claimants are without contributory negligence. All the allegations as to damages, and as to the insurance of the tractor, the trailer, and the cargo, are supported by competent evidence, and are not denied by the respondent.

Section 8, C, of the Court of Claims Act, however provides that an award for damages in a case sounding in tort shall not exceed the sum of $2,500.00 to or for the benefit of any claimant. An award to the Insurance Company of North America is for the benefit of Joseph Pomprowitz, d/b/a L.C.L. Transit Company; therefore awards to the Insurance Company of North America and to Joseph Pomprowitz, d/b/a, L.C.L. Transit Company may not exceed $2,500.00.

Awards are therefore entered as follows:

Joseph Pomprowitz, d/b/a L.C.L. Transit Company, Five Hundred Ninety-Eight and 31/100 Dollars ($598.31).

Insurance Company of North America, One Thousand Nine Hundred and One and 69/100 Dollars ($1,901.69).

Hartford Fire Insurance Company, Eight Hundred Ninety-One and 48/100 Dollars ($891.48).